**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SRINI KRISH, an individual,<br><br>        Plaintiff,<br><br>    v.<br><br>G.R. BALASUBRAMANIAM,<br><br>        Defendant. | 1:06-CV-01030 OWW TAG<br><br>MEMORANDUM DECISION AND ORDER RE: DEFENDANT'S MOTION TO DISMISS (DOC. 10) |

## I. INTRODUCTION

Before the court for decision is Defendant G.R. Balasubramaniam's motion to dismiss this action, which concerns payments made pursuant to a contract for the sale of real property located in Coimbatore, India.  Defendant's motion formally invokes both Federal Rules of Civil Procedure 12(b)(3) (improper venue) and 12(b)(6) (failure to state a claim), but Defendant explains the grounds for his motion as follows:

> The grounds for this Motion are that the terms of the underlying contract provide that Plaintiffs sole remedy, in this situation, is an action under an Indian law to complete the sale, which must necessarily be heard in a court with in rem jurisdiction over the real property in Coimbatore, India.  Further, defendant moves the court to dismiss the Complaint because it fails to state a claim upon which relief can be granted, in that Plaintiff's sole remedy, pursuant to the contract, is an action to complete the sale under Indian law.

(Doc. 10 at 1.)  Although this appears to be an attempt to attack

1

the complaint both on venue grounds and on the sufficiency of the pleadings, Defendant is essentially arguing for dismissal based on the existence of a forum selection clause.

Defendant attaches to his motion to dismiss the declaration of Srinivasan Dorairaj, an attorney licensed to practice law in India, which provides certain information related to the underlying real property agreement and its enforceability under the Specific Relief Act, a body of Indian law.  (Doc. 12, filed Aug. 30, 2006.)  Plaintiff, Srini Krish, opposes dismissal. (Doc. 13-1, filed Sept. 15, 2006.)  Plaintiff also objects to the court's consideration of the Dorairaj declaration, arguing that it consists of "legal opinion on the merits of Plaintiff's case." (Doc. 13-2.)  Defendant filed a reply (Doc. 14, filed Sept. 22, 2006), along with opposition to Plaintiff's evidentiary objections (Doc. 15, filed Sept. 22, 2006).

Plaintiff filed a sur-reply, asserting that Defendant raised new arguments it his reply brief.  (Doc. 16, filed Sept. 26, 2006.)  Defendant filed an objection to the sur-reply.  (Doc. 17, filed Sept. 29, 2006.)

## II.  **BACKGROUND**.

This case concerns a contract for the sale of real property located in the Coimbatore, India.  (Doc. 1, Compl. at ¶7.) Defendant, an Indian citizen who currently resides in Bakersfield, California, has owned the property since 1988.  (*Id.* at ¶¶ 4, 10.)  Plaintiff claims to currently be a resident of Carrollton, Texas (*id*. at ¶3), although Defendant asserts that Plaintiff is a resident of India.  (Doc. 14 at 1 n.1.)

On or about November 1, 2005, the parties entered into an oral agreement to sell the property. (*Id*. at ¶7.) This oral agreement was reduced to a written deed of sale agreement (the "Sales Agreement") in India and was signed by both parties. The critical language from the Sales Agreement for purposes of the instant motion states:

> Whereas if [Plaintiff] is ready and willing to complete the sale within stipulated period and incase [sic] if the [Defendant] fails or delay [sic] the completion of the sale, [Plaintiff] is at liberty to proceed in court of law to complete the sale under Specific Relief Act holding [Defendant] liable for the same.

(Compl. Ex. A at 4 (hereinafter referred to as the "at liberty clause").)

Pursuant to the Sales Agreement, Plaintiff was to pay Defendant approximately U.S. $356,000. (*Id*. at ¶12.) Approximately $4,600 was paid as an advance, with the total amount due on the closing date of June 13, 2006. (*Id*. at ¶13.) Plaintiff alleges that he paid Defendant an additional $139,534 toward the purchase price by wire transfer on January 11, 2006, pursuant to an oral agreement. (*Id*. at ¶14.) The wire transfer was made from Plaintiff's account in Texas to Defendant's account in California. (*Id*. at ¶14 & Ex. D.)

Plaintiff alleges that on May 9, 2006, Defendant breached and repudiated the Sales Agreement by advising Plaintiff in writing that he refused to convey the Property to Plaintiff. (*Id*. at ¶15.) Plaintiff also alleges that Defendant has refused to return the $139,534 paid to him for the purchase of the property. (*Id*.) It is further alleged that Defendant never intended to fulfill his obligations to Plaintiff under the Sales

**3**

Agreement and oral agreement to sell and convey the real property. (*Id*. at ¶34.)

On August 7, 2006, Plaintiff filed this action based on diversity of citizenship, alleging: (1) breach of oral and written contract; (2) assumpsit; (3) constructive trust; (4) and intentional misrepresentation.

### III.  **DISCUSSION**

Defendant moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(3) for improper venue and for failure to state a claim under Rule 12(b)(6).

**A**.  **Evidentiary Objections**.

As a threshold matter, Plaintiff raises some evidentiary objections to the declaration of Srinivasan Dorairaj, who purports to be an attorney licensed to practice law in India. (Doc. 12, filed Aug. 30, 2006.) The declaration contains some factual information pertaining to the procedural history of the underlying property dispute. Specifically, Mr. Doriaraj asserts that Plaintiff took various steps in India in an attempt to enforce the Sales Agreement. (Doc. 12 at ¶3-4.) In addition, Mr. Doriaraj opined that

> Under Section 16 of the Specific Relief Act, the party who seeks the relief of specific performance should prove, from the date of agreement to till date, he was and is ready and willing with funds to purchase the properties. The readiness and willingness to perform his part of the obligations under the agreement should be strictly proved. The Specific Performance of agreement is an equitable relief in India. Under section 20 of the Act, it is made clear that the relief of Specific Performance is a discretionary relief. Under [the] Specific Relief Act time is not the essence of the agreement relating to sale of immovable properties. It is not known why the Plaintiff herein

**4**

>had not initiated legal proceedings in India to enforce the agreement through he had issued a pre-suit notice. In a suit for Specific Performance the Plaintiff herein can also ask for a decree to get a refund of the advance amount paid by him together with interest as alternative relief.  In India there is also scope to claim damages n such suit.  The costs of proceedings also can be adjusted toward [the] sale price.  The Defendant herein took all possible efforts to pay back the amount paid by the Plaintiff and it is the Plaintiff who had not only refused to accept the refund but also threatened to initiate legal action.  Even now, the Plaintiff can file a suit for specific performance and alternatively seek the relief to get a refund of the advance amount together with interest and damages.  Apprehending certain defects in title in the property and, due to certain omissions and commissions the Plaintiff herein appears to have failed to file a suit in India to enforce the agreement.  The Plaintiff for his own reasons failed to file the suit for Specific Performance.  Without revoking the agreement in writing, he cannot seek refund of the advance amount in India.  I took all possible steps to amicably resolve the disputes and I could not. succeed.

(*Id*. at ¶5.)  Plaintiff objects to the court's consideration of the Dorairaj declaration, arguing that it consists of "legal opinion on the merits of Plaintiff's case."  (Doc. 13-2.)  It is true that the above-quoted passage, which concludes that the Specific Relief Act applies to the Sales Agreement and that the Act also provides Plaintiff an opportunity to seek a refund as alternative relief, is of the nature of a legal opinion.  Under certain circumstances, materials concerning foreign law that are not otherwise admissible may be considered by a district court.  But, such materials may only be relied upon after the party who intends to raise an issue concerning the law of a foreign country has given appropriate notice to the other side. Fed. R. Civ. P. 44.1.  Arguably, by raising the issue of foreign law in its motion to dismiss, Defendant has satisfied the requirements of Rule 44.1.  *See* Advisory Committee Notes to the 1966 Amendment.

**5**

However, evidence from foreign law experts submitted pursuant to Rule 44.1 is admissible only to aid a court's understanding of foreign law; foreign law experts may not opine as to the ultimate application of the foreign law to the facts of the case. Plaintiff's objection is sustained as to any such impermissible legal opinions.

Defendant also argues that there are portions of the Declaration that relate facts, not opinion. Specifically, Defendant wishes to rely on the Doriaraj's statement that the Specific Relief Act is the proper name of a particular body of Indian law. (Doc. 15 at 1.) It is proper to consider the declaration for this purpose.

### B. **Choice of Law Issues**.

In a diversity action, choice of law is governed by the law of the forum state. Field v. Legacy Health System, 413 F.3d 943, 950 (9th Cir. 2005). "In the absence of an effective choice of law by the parties, rights and obligations are to be determined by the law of the state that, with respect to the particular issue, has the most significant relationship to the transaction and the parties." (1 Witkin, Summary California Law, Contracts § 61 (2005).) Defendant asserts that the proper law to be applied here is the law of India:

> California law requires the application of Indian law in the instant case because there was an effective choice of law by the parties, and also because India is the state that, with respect to the Sale Agreement, has the most significant relationship to the transaction and the parties.
> The Sale Agreement was negotiated in India, entered into in India, and recorded in India; it pertains to the sale of real estate in India, with

**6**

```
                consideration to be paid in Indian currency.  The Sales
                Agreement has no connection whatsoever with the United
                States.  Therefore, applying California law to
                determine the choice of law, it is clear that the Sales
                Agreement must be construed in accordance with Indian
                law, and enforced by Indian Courts.
```
(Doc. 10 at 4.)

In addition, Defendant asserts that the declaration is evidence of how difficult it may be for the district court to interpret a sales agreement drafted in India, arguing that:
```
                [T]he language and reasoning underlying the Declaration
                indicate a great difference between the US and India,
                both in terms of law and language.  The Declaration,
                much like the Sales Agreement, is extremely difficult
                for Americans to read.  Even when writing in English,
                Indian attorneys utilize a different mode of thinking,
                which is reflected in such writings.  The Declaration
                is further evidence of the extreme difficulty this
                court will have in applying Indian law to interpret the
                Sales Agreement.
```
(Doc. 15 at 2.)

Whether there is truly a difference between the usage of English by Americans and the usage of the English language by Indian attorneys is an issue that has not yet been properly vetted by the parties.  More importantly, Defendant's assertion that the need to apply Indian law should preclude venue is misplaced.  Federal courts routinely apply the law of other countries; the determination that another country's law controls does not automatically render improper venue in a United States courtOctober 3, 2006.  *Rivendell Forest Prods., Ltd. v. Canadian Pac. Ltd.*, 2 F.3d 990, 994 (10th Cir. 1993)(choice of law issue is not dispositive of venue analysis).  The need to apply unfamiliar foreign law is just one factor that may be considered in determining whether to dismiss a case for *forum non conveniens*.  *See Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 260

**7**

(1981). However, Defendant has not moved for dismissal on *forum non conveniens* grounds.

### C. **Improper Venue**.

The general rule regarding the propriety of a particular venue in a diversity action is set forth in 28 U.S.C. § 1391, which provides:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

A district court has authority to dismiss a case filed in the wrong venue pursuant to 28 U.S.C. § 1406(a):[1]

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

Defendant's central argument is that the "at liberty" clause in the Sales Agreement operates as a "de facto forum selection clause" because the language "requires that any legal action must occur in a court which can exercise specific equitable jurisdiction over the property at issue" under the Specific

---

[1] Here, Defendant is essentially arguing that venue is not proper in the Eastern District of California because of the forum selection clause. Alternatively, a party opposing an otherwise proper venue chosen by plaintiff's may petition for dismissal on forum non conveniens grounds. *See generally Lueck v. Sundstrand Corp.*, 236 F.3d 1137 (9th Cir. 2001).

**8**

1 Relief Act.

2   The Specific Relief Act is a body of Indian Law....
3   Therefore, the Sales Agreement clearly designates
    indian law as governing.  This is also a de facto
4   choice of forum clause, since only Indian courts can
    complete the sale of real property in India.  The Sales
5   Agreement must be interpreted in accordance with Indian
    law, and enforced by Indian Courts.

6 (Doc. 10 at 4.)

7    Parties may by contract designate the forum in which any
8 litigation is to take place, and litigation commenced elsewhere
9 may be subject to dismissal for improper venue. *See, e.g.,*
10 *Spradlin v. Lear Siegler Mgt. Services*, 926 F.2d 865, 866 (9th
11 Cir. 1991); *TAAG Linhas Aereas de Angola v. Transamerica*
12 *Airlines*, 915 F.2d 1351 (9th Cir. 1990).

13    But, a forum selection clause will be enforced only where
14 venue is specified with mandatory language. *Docksider, Ltd. v.*
15 *Sea Technology, Ltd.*, 875 F.2d 762, 764 (9th Cir. 1989).  If the
16 language of the forum selection clause is non-mandatory, the
17 forum selection clause will not preclude suit elsewhere. *Hunt*
18 *Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 77 (9th Cir.
19 1987).  To be a mandatory forum selection clause, the clause must
20 contain language that clearly designates a forum as the exclusive
21 one. *Northern California Dist. Council of Laborers v.*
22 *Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1037 (9th Cir.
23 1995).  "When only jurisdiction is specified, the clause will
24 generally not be enforced without some further language
25 indicating the parties' intent to make jurisdiction <u>exclusive</u>."
26 *Docksider*, 875 F.2d at 764 (emphasis added).  A forum selection
27 clause needs to contain additional language mandating that venue
28 be in a particular place or mandatory language requiring a case

9

be litigated in only one forum. *Council of Laborers*, 69 F.3d at 1037. For example, in *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 275 (9th Cir. 1984), the forum selection clause expressly mandated a particular forum:

> Exhibitor [Budco] expressly agrees that any and all disputes arising out of or in connection with this Agreement shall be litigated only in the Superior Court for Los Angeles, California (and in no other), and Exhibitor hereby consents to the jurisdiction of said court.

*Id*. at 275. On the other hand, in *Hunt Wesson Foods,* 817 F.2d 75, the clause at issue contained the following language:

> Buyer and Seller expressly agree that the laws of the State of California shall govern the validity, construction, interpretation and effect of this contract. The courts of California, County of Orange, shall have jurisdiction over the parties in any action at law relating to the subject matter of the interpretation of this contract.

*Id*. at 76. The Ninth Circuit held that the clause was <u>permissive</u> because "in cases in which forum selection clauses have been held to require litigation in a particular court, the language of the clauses clearly required exclusive jurisdiction." *Id*. at 77. In *Council of Laborers,* 69 F.3d at 1036, the forum selection clause read:

> [A] decision of the Board of Adjustment...or the decision of a permanent arbitrator shall be enforceable by a petition to confirm an arbitration award filed in the Superior Court of the City and County of San Francisco, State of California.

The Ninth Circuit found this language was not mandatory because the phrase "shall be enforceable" is as permissive as language providing a given forum "shall have jurisdiction," which is not mandatory. *Id*. at 1037.

   Here, the language of the Sales Agreement is even less

**10**

mandatory than that in *Pittsburg-Des Moines* or *Council of Laborers* providing:

> Whereas if [Plaintiff] is ready and willing to complete the sale within stipulated period and incase [sic] if the [Defendant] fails or delay [sic] the completion of the sale, [Plaintiff] <u>is at liberty to proceed in court of law to complete the sale under Specific Relief Act holding [Defendant] liable for the same</u>.

(Compl. Ex. A at 4.)  This is permissive language.  To the extent that this is a forum selection clause, it does not mandate dismissal.[2]

Defendant suggests that the entire body of law discussed above is inapplicable here because the contract must be interpreted under Indian law.  Defendant misunderstands the nature of the venue inquiry.  Venue is a <u>procedural</u> issue that, in a diversity case, is governed by <u>federal</u> (United States) law to select the proper place for trial.  *See Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 512-13 (9th Cir. 1988)(applying federal law, rather than California law, to interpretation of forum selection clause); *Jones v. Weibrecht*, 901 F.2d 17, 19 (2d Cir. 2009)(same with respect to New York law).  The federal rule that forum selection clauses must contain mandatory language to be enforceable applies with equal force to cases involving the law of a <u>foreign</u> jurisdiction.  *See K&V Scientific Co., Inc., v. Bayerische Motoren Werke*

---

[2]  Defendant suggests that Indian attorneys may utilize the English language differently from Americans, making it difficult for a court of the United States to interpret the Sales Agreement.  To the extent that Defendant is impliedly arguing that the phrase "at liberty" would be interpreted as "must" by an Indian attorney, he has provided absolutely no evidence to support such an assertion.

**11**

1 *Aktiengesellshaft ("BMW")*, 314 F.3d 494, 198 (10th Cir.
2 2002)(applying federal permissive/mandatory analysis where
3 contract unambiguously provided for "jurisdiction in Munich[,
4 Germany]"); *see also, John Boutari and Son, Wines and Spirits,*
5 *S.A. v. Attiki Importers and Distrib. Inc.*, 22 F.3d 51, 52-53 (2d
6 Cir. 1994)(contract providing that "[a]ny dispute arising between
7 the parties hereunder shall come within the jurisdiction of the
8 competent Greek Courts, specifically of the Thessaloniki Courts,"
9 was permissive, rather than mandatory, under *Docksider*, and did
10 not strip federal court of jurisdiction); *Caldas & Sons, Inc. v.*
11 *Willingham*, 17 F.3d 123, 127 (5th Cir. 1994)(same result where
12 contract provided "[t]he laws and courts of Zurich are
13 applicable");  *Citro Florida, Inc. v. Citrovale*, S.A., 760 F.2d
14 1231, 1231-32 (same result where contract provided "Place of
15 jurisdiction is Sao Paulo/Brazil").

16   Defendant also suggests that venue is improper in the
17 Eastern District of California because "only Indian courts can
18 complete the sale of real property in India." (Doc. 10 at 4.)
19 But, Plaintiff does not seek specific enforcement of the
20 agreement.

21
22   **D.   Failure to State a Claim**.

23   Although Defendant's motion most directly challenges venue,
24 he also argues that the Complaint should be dismissed because "if
25 fails to state a claim upon which relief can be granted, in that
26 Plaintiff's sole remedy, pursuant to the contract, is an action
27 to complete the sale under Indian law." (Doc. 10 at 1.) This
28 argument has no merit. The "at liberty" clause is permissive,

**12**

rather than mandatory.  As a result, the Sales Agreement does not render Specific Performance Plaintiff's sole remedy in this case. Moreover, although Defendant repeatedly asserts that relief under the Specific Performance Act is the sole remedy available to Plaintiff, no such assertion is made in Mr. Dorairaj's declaration.  Mr. Dorairaj makes it clear that relief (both specific performance and damages) may have been available to Plaintiff under the Specific Relief Act, but nowhere states that such remedies are the only ones available.

### IV.  CONCLUSION

The motion to dismiss for improper venue is **DENIED**.  To the extent that the motion can be interpreted as a motion to dismiss for failure to state a claim, any such motion is also **DENIED.**

**SO ORDERED**

Dated: October 10, 2006              /s/ OLIVER W. WANGER
                                     **OLIVER W. WANGER**
                                     **United States District Judge**

13