IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SRINI KRISH, an individual,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>G.R. BALASUBRAMANIAM, an individual, et al.,<br><br>　　　　　　Defendants. | Case No. 1:06-cv-01030 OWW TAG<br><br>**ORDER RESETTING<br>SETTLEMENT CONFERENCE**<br><br>(Doc. 60) |

　　　A Settlement Conference in this action originally was scheduled for April 11, 2007 before United States Magistrate Judge Theresa A. Goldner. (Doc. 32). The Scheduling Conference Order in this action required each party to submit a Confidential Settlement Conference Statement to Judge Goldner no later than five days before the Settlement Conference. (Doc. 32, 13:25-28). However, neither party submitted a Settlement Conference to the Court, and on April 10, 2007, the Settlement Conference was vacated as a consequence. (See, docket entry 58, minute order). On April 20, 2007, the parties filed a Stipulation with a proposed order to continue the Settlement Conference to June 29, 2007. (Doc. 60). The Court has considered the parties' Stipulation and the court docket in this action, and makes the following order:

　　　1. The Settlement Conference is re-set for Friday, June 29, 2007 at 10:00 a.m. before Judge Goldner, in chambers at 1200 Truxtun Avenue, Suite 120, Bakersfield, California 93301.

　　　2. The parties shall comply with the following orders regarding the Settlement Conference:

　　　　　A.　　Unless otherwise permitted in advance by Judge Goldner, **the attorneys who will try the case shall personally appear** at the Settlement Conference **with the parties** and the

1

person or persons having **full authority** to negotiate and settle the case **on any terms**[1] at the Settlement Conference.

      B.      Permission for a party *[not attorney]* to attend by telephone may be granted by Judge Goldner upon request, by letter, with a copy to the other parties, if the party lives and works outside the Eastern District of California, and attendance in person would constitute a hardship.  If telephone attendance is allowed, **the party must be *immediately* available throughout the Settlement Conference, until excused, regardless of time zone differences.**  Any other special arrangements desired in cases where settlement authority rests with a governing body shall also be proposed in advance, by letter, and copied to all other parties.

      C.      Each party must submit a Confidential Settlement Conference Statement to Judge Goldner's chambers in Bakersfield **at least five (5) court days prior to the settlement conference.**  Failure to so comply may result in the imposition of monetary and/or other sanctions.

      D.      Confidential Settlement Conference Statements **should not be filed or lodged** with the Clerk's Office and **should not be served on any other party.**  Each Statement shall be clearly marked "Confidential" with the date and time of the Settlement Conference indicated prominently thereon.  Counsel are urged to request the return of their statements if settlement is not achieved and, if such a request is not made, the Court will dispose of the statement.

      E.      The Confidential Settlement Conference Statement shall include the following:

      (1)      A brief statement of the facts of the case.

      (2)      A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of

---

[1] Insurance carriers, business organizations, and governmental bodies or agencies whose settlement agreements are subject to approval by legislative bodies, executive committees, boards of directors, or the like, shall be represented by a person or persons who occupy high executive positions in the party organization, and who will be directly involved in the process of approval of any settlement offers or agreements.  To the extent possible, the representative shall have the authority, if he or she deems it appropriate, to settle the action on terms consistent with the opposing party's most recent demand.

2

prevailing on the claims and defenses; and a description of the major issues in dispute.

      (3)    A summary of the proceedings to date.

      (4)    An estimate of the cost and time to be expended for further discovery, pretrial, and trial.

      (5)    The relief sought.

      (6)    The party's position on settlement, including present demands and offers, and a history of past settlement discussions, offers, and demands.

IT IS SO ORDERED.

Dated:  **May 14, 2007**                                              **/s/ Theresa A. Goldner**
                                                                     UNITED STATES MAGISTRATE JUDGE